NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD R. SCHROERLUCKE, AND JOYCE D. SCHROERLUCKE,**
*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5026

---

Appeal from the United States Court of Federal Claims in case no. 09-CV-772, Judge Marian Blank Horn.

---

## ON MOTION

---

Before RADER, *Chief Judge*, GAJARSA and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

### ORDER

The United States moves to dismiss this appeal from the judgment of the United States Court of Federal Claims for lack of jurisdiction.  The appellants oppose.

In November 2009, the appellants filed a complaint in the Court of Federal Claims seeking a refund of their federal taxes. On September 21, 2011, the court granted summary judgment in favor of the government, and entered its final judgment on September 23, 2011.

The appellants' notice of appeal was received at the court on November 28, 2011, 66 days after entry of final judgment.

Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure govern the time for filing a notice of appeal from a judgment of the Court of Federal Claims. Fed. R. App. P. 4(a)(1)(B). It provides that "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."

The Supreme Court has firmly established that the statutory deadlines for taking an appeal from one court to another court are jurisdictional and mandatory. *See Henderson v. Shinseki*, 131 S. Ct. 1197, 1203-04 (2011); *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007). Therefore, a court has no authority to create equitable exceptions for untimely notices of appeal. *Id.*

The United States contends that the appeal is untimely—which it is—and asks the court to dismiss the appeal.

The appellants seek refuge in Fed. R. App. P. 5, which authorizes *trial courts* to extend the time to file a notice of appeal if "(i) a party so *moves* no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its *motion* is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 5(A)-(C) (emphasis added).

The appellants' suggestion that Fed. R. App. P. 5 authorizes this court to accept their untimely notice of appeal based on excusable neglect or good cause ignores the plain language of the statute: no motion for an extension of time was ever filed in the trial court, let alone a motion within 30 days from the date of judgment. Any request below now would be untimely, leaving both the trial court and this court without authority to grant such relief.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion to dismiss is granted.

(2)  Each side shall bear their own costs.

FOR THE COURT

MAR 1 5 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Randall Paul Andreozzi, Esq.
     Randolph L. Hutter, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 1 5 2012

JAN HORBALY
CLERK